UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRYAN O. CRANE,

    Plaintiff,

v.                                            Case No: 2:13-cv-518-FtM-38DNF

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #9) filed on October 7, 2013. Plaintiff *pro se* Bryan O. Crane's Response to Defendant's Motion to Dismiss (Doc. #15) was filed on December 11, 2013.[2] Thus, the Motion is now ripe for review.

## **BACKGROUND**

On February 17, 2000, Plaintiff, then a 46-year old systems accountant with the United States Department of the Navy, filed a claim for benefits under the Federal

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Court previously granted Defendant's Motion to Dismiss at Doc. #11. Thereafter, Plaintiff filed a Motion to Reopen the Case, requesting that the Court reopen this matter and consider a response he filed to the Motion to Dismiss. (Doc. #13). The Court granted the request, noting that Plaintiff's response was scanned and entered into the docket the same day the Court ruled on the Motion to Dismiss. (Doc. #14). In its Order, the Court noted that Plaintiff's response was 50 pages in length and did not comply with Local Rule 3.01(b), which allows for a response of no more than 20 pages in length. Thus, the Court allowed Plaintiff a period of time to file a response that complied with this Rule. Plaintiff then filed an amended response in opposition to the Motion to Dismiss (Doc. #15) on December 11, 2013.

Employees' Compensation Act ("FECA") for benefits for injuries he sustained on February 12, 2000, when he fell at a bowling alley while participating in a mandatory wellness program while on temporary duty.  (See Doc. #1 and 9-1, Sept. 2, 2005 Decision and Order from United States Department of Labor Employees' Compensation Appeal Board at pp. 1-2).  Plaintiff stopped work on March 6, 2000, and has received (with some interruption and restatement) FECA disability compensation since that date.  Id.

Plaintiff's Complaint, liberally interpreted, brings claims against the Government pursuant to FECA and the Federal Tort Claims Act ("FTCA").  The forty-seven (47) page Complaint lists a plethora of grievances relating to the United States' administration of his workers' compensation claim.  Plaintiff's Complaint accuses the Department of Labor of: (1) "forcing plaintiff to repeatedly submit to unnecessary and unreasonable Independent Medical Evaluation/Second Opinion Examinations," (2) "illegal reductions and suspension of [his] benefits under FECA," (3) refusing to reimburse plaintiff for certain medical expenses allowed under FECA, and (4) "improperly" taking his benefits.  (Doc. #1, p. 2). Plaintiff also accuses the Office of Workers' Compensation Programs ("OWCP") and the Employees' Compensation Appeals Board ("ECAB") of slander, liable, incompetence and negligence.  (Doc. #1, p. 2-3).  Plaintiff's only stated legal basis for the Complaint is FECA and "Tort Claims Procedure," which the Court assumes (as well as does the Government) that Plaintiff is referring to the Federal Tort Claims Act ("FTCA").

Plaintiff is seeking to have the Court declare him totally and permanently disabled from work, stop OWCP from requiring him to attend "any and all IMEs, and bar OWCP from contacting plaintiff for any reason except to facilitate payment of disability benefits." (Id. at p. 46).  In addition to this injunctive relief, Plaintiff is also requesting monetary

damages in the amounts of $62,604.00 for loss of investment income, $495.00 for benefits improperly deducted, $300,000.00 for past medical bills and for payment for all future medical expenses, $100 million dollars in damages for financial, mental and physical harm, and for court costs and attorney's fees.  (Id. at pp. 46-47).

Defendant moves to dismiss the Complaint (Doc. #1) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because there is no jurisdiction over Plaintiff's grievance relating to the United States' administration of his federal workers' compensation claim.  Specifically, the Government argues that judicial review of Plaintiff's claim is explicitly barred by FECA and the FTCA.

## DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(1) provides for a dismissal of an action if the court lacks subject matter jurisdiction.  When reviewing a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed in a light most favorable to the pleader.  Scheuer v. Rhodes, 416 U.S. 232, 237, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Cole v. United States, 755 F.2d 873, 878 (11th Cir. 1985).  Attacks on subject matter jurisdiction come in two forms.  Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.2d 1271, 1279 (11th Cir. 2009); Lawrence v. Dunbar, 919 F.2d 1525, 1528 (11th Cir. 1990).  The first is a facial attack on the complaint, which requires the court to see whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction.  Lawrence, 919 F.2d at 1529.  In considering facial validity, the court must take the allegations in the complaint as true for purposes of the motion.  Id.  In contrast, a factual attack challenges the existence of subject matter jurisdiction, or the court's power to hear the case.  Id.  The Court can look outside the pleadings in order to make

its determination, and the court is free to weigh the evidence in order to determine whether it has jurisdiction.  Id.  The Court nonetheless will liberally construe Plaintiff's *pro se* pleadings and hold the pleadings to a less stringent standard than pleadings drafted by an attorney.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

The Government indicates that the instant Motion to Dismiss represents both a facial and factual attack on jurisdiction and Defendant has attached certain exhibits in support of its Motion showing that issues regarding Plaintiff's compensation were heard by the United States Department of Labor, Employees' Compensation Appeals Board (Doc. #9-1); a detail of the amount paid to Plaintiff in benefits (Doc. #9-2); and the Declaration of Catherine P. Carter, counsel with the Department of Labor (Doc. #9-3).

## I.     Federal Employees' Compensation Act

Created in 1916, the FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees.  FECA provides that "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ."  5 U.S.C. § 8102(a). A wide range of benefits are provided for work-related injuries covered by FECA, including payment of wage loss compensation, scheduled awards for permanent loss or loss of use of specified members of the body, related medical costs (with certain restrictions on chiropractic treatment), and vocational rehabilitation.

Congress amended FECA in 1949 expressly to provide that FECA is the federal employee's exclusive remedy against the federal government for on-the-job injuries:

> [t]he liability of the United States . . . under this subchapter . . . with respect to the injury . . . of an employee is exclusive and instead of all other liability

> of the United States . . . to the employee . . . [or] any other person otherwise entitled to recover damages from the United States . . . because of the injury . . . in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c). This section was "designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983). "In enacting this provision, Congress adopted the principal compromise - the '*quid pro quo*' - commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." Id. at 194. As the Eleventh Circuit has noted:

> [T]he FECA bars judicial review of the Secretary's decision allowing or denying an award of benefits. 5 U.S.C. § 8128(b). The Supreme Court has noted that the "FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." Sw. Marine, Inc. v. Gizoni, 502 U.S. 81, 90, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991) (citation omitted). Moreover, "[c]onclusions of law and fact made by the Secretary or the [Employees' Compensation Appeals Board] are also immune from judicial review." Woodruff v. U.S. Dep't of Labor, 954 F.2d 634, 637 (11th Cir. 1992) (citation omitted). However, there are two instances in which a federal court may exercise jurisdiction over a final decision of the Secretary under the FECA, namely, when (1) a clear statutory mandate or prohibition has been violated, or (2) there is a colorable constitutional claim. Id. at 639–40.

Gilmore v. Dir., U.S. Dep't of Labor, Office of Workers Comp., 455 F. App'x 934, 936 (11th Cir. 2012).

Central to FECA's statutory scheme is the role of the Secretary of Labor, who has been granted the authority by Congress to administer and to decide all questions arising under FECA. 5 U.S.C. § 8145. FECA further authorizes the Secretary to prescribe rules

5

and regulations necessary for the administration and enforcement of the Act. 5 U.S.C. § 8149. The Secretary has delegated the authority provided by § 8145 and § 8149 to the Director of the OWP, who is responsible for the administration and implementation of FECA. 20 C.F.R. § 10.2. If a claimant considers him/herself aggrieved by OWCP's final determination, the claimant may: 1) within 30 days, request a hearing before an OWCP hearing representative or request that such representative review the written record, 5 U.S.C. § 8124(b)(1), 20 C.F.R. §10.616; 2) within one year, request reconsideration, 5 U.S.C. § 8128, 20 C.F.R. §10.607(a); or 3) within one year, file an appeal with the Employees' Compensation Appeals Board. 20 C.F.R. § 10.625. FECA explicitly provides authority for the Secretary of Labor to require an employee to undergo medical examinations. 5 U.S.C. § 8123.

In this case, Plaintiff applied for and was awarded FECA coverage for his injuries and as of August 30, 2013, Plaintiff has received $936,456.59 in gross disability compensation and $60,542.89 in total medical payments. (Doc. #9-2, Employment Standards Administration Payment History Report and Bill Pay History Report. As FECA specifically forecloses judicial review, 5 U.S.C. § 8128(b), this Court lacks subject matter jurisdiction over Plaintiff's claims and the relief requested as presented in his Complaint as this Court is barred from reviewing the Secretary's actions. The statute states that determinations by the Secretary of Labor in accordance with FECA are "not subject to review by another official of the United States or by a court." See Woodruff v. United States, 954 F.2d 634, 644 (11th Cir. 1992); Hamby v. Janer, 808 F.2d 1433, 1435 (11th Cir. 1987); Gibbs v. United States, 865 F. Supp. 2d 1127, 1136 (M.D. Fla. 2012) (holding that, pursuant to FECA, the district court lacked jurisdiction over a former federal

employee's claim that the Department of Labor's determination on recoupment of disability benefits paid to him under FECA constituted retaliation).

In fact, Plaintiff agrees with Defendant that FECA bars judicial review of FECA claims, but that there should be some oversight and that FECA's "administrative process" has caused Plaintiff extreme mental, physical, and financial damages. (Doc. #15, pp. 1-2). Plaintiff argues in his response that the "administrative process" under FECA is unfair, unjust, and violates the Plaintiff's constitutional rights under the 5th and 14th Amendments. Plaintiff's response goes on to indicate that Defendant's actions has eroded his standard of living and that Defendant should feel compassion for him. He indicates that he intends to amend his complaint to seek injunctive relief and challenge FECA under Fed. R. Civ. Proc. 5.1, Constitutional Challenge to a Statute.

There are two instances in which a federal court may exercise jurisdiction over a final decision of the Secretary under FECA. Staacke v. United States Secretary of Labor, 841 F.2d 278, 281 (9th Cir. 1988). The federal courts retain jurisdiction to review charges that the Secretary violated a clear statutory mandate or prohibition, and to consider constitutional claims. Id. Thus, the Court will allow Plaintiff to amend his Complaint in an attempt to assert his constitutional claims.

## II.     Federal Tort Claims Act

Defendant next argues that to the extent Plaintiff is attempting to avoid the bar on judicial review imposed by FECA by characterizing this as an FTCA case, Plaintiff's Complaint fails as a matter of law because FECA is the exclusive remedy. Plaintiff's Complaint includes allegations of perceived "slander and libel," negligence, and incompetence. (Doc. #1, pp. 2-3). Plaintiff indicates in his Response that he agrees that

a claim under the FTCA is inappropriate, and intends to amend his Complaint to eliminate any reference to FTCA.  (Doc. #15, p. 4).[3]

Accordingly, it is now

**ORDERED:**

(1) United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #9) is **DENIED without prejudice**.

(2) Plaintiff shall have up to and including **January 17, 2014**, to file an amended complaint in accordance with the above.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of December, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[3] The Court agrees that an FTCA claim fails as a matter of law and thus, Plaintiff's amended complaint should not include a FTCA claim.  5 U.S.C. § 8116(c) is clear that FECA is the federal employee's exclusive remedy against the federal government for on-the-job injuries and the "Federal Tort liability statute" does not apply.  As the Supreme Court stated in Lockheed Aircraft Corp., 460 U.S. at 193-94, the purpose of § 8116(c) is "to protect the Government from suits under statutes, such as the Federal Tort Claims Act . . . .(emphasis added); see also Noble v. United States, 216 F.3d 1229, 1234 (11th Cir. 2000) (recognizing the exclusive-liability provision of FECA, which precludes FTCA action).  Accordingly, once the OWCP determines that a disability resulted from a work-related injury as defined by FECA, claimants are limited to the remedies authorized by FECA and the claimant cannot also claim damages pursuant to the FTCA. 5 U.S.C. § 8116(c). In this instance, there is no dispute that Plaintiff's injuries were covered by FECA as Plaintiff's FECA claim was granted and, as of August 30, 2013, Plaintiff has received $936,456.59 in gross disability compensation and $60,542.89 in total medical payments.  See Doc. #9-2.  Thus, Plaintiff's grievance regarding the DOL's decision making and administration of his FECA claim is barred.  See Noble, 216 F.3d at 1234 (claim that the plaintiff was injured by the OWCP's delay in authorizing surgery was precluded by FECA).